**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **7**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Brio Systems, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-0684080** |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **228 Park Ave S, PMB 77474** <br> **New York, NY 10003** <br> Number, Street, City, State & ZIP Code | <br><br> P.O. Box, Number, Street, City, State & ZIP Code |
| **New York** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.getbrio.com** |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor     **Brio Systems, Inc.**                                                              Case number (*if known*) _____
          Name

---

**7.**  **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____5112_____

---

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

---

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No
☐ Yes.

---

Debtor     **Brio Systems, Inc.**                                              Case number (*if known*) _____
_____
Name

| List all cases. If more than 1, attach a separate list | Debtor | | Relationship | |
|---|---|---|---|---|
| | District | _____ When _____ | Case number, if known | _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☑ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☑ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☑ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Brio Systems, Inc.** | Case number (*if known*) | |
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/23/2023
MM / DD / YYYY

X    */s/ Boris Lipchin*    **Boris Lipchin**
Signature of authorized representative of debtor    Printed name

Title    **Chief Executive Officer**

---

**18. Signature of attorney**

X    */s/ Mark D. Olivere*    Date    05/23/2023
Signature of attorney for debtor    MM / DD / YYYY

**Mark D. Olivere 4291**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 295-0191**    Email address    **olivere@chipmanbrown.com**

**4291 DE**
Bar number and State

---

# BRIO SYSTEMS, INC.

### Consent of the Board of Directors
### Pursuant to Section 141(f) of the General Corporation Law of the State of Delaware

The undersigned, being all of the members of the board of directors (the "**Board**") of Brio Systems, Inc., a Delaware corporation (the "**Company**"), pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and the Bylaws of the Company, hereby adopt the following resolutions by written consent (this "**Consent**"):

**WHEREAS**, the Board has considered the financial and operational conditions of the Company's business; and

**WHEREAS**, the Board has reviewed, considered, and received the recommendation of senior management of the Company and the advice of the Company's professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a bankruptcy proceeding under Chapter 7 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and having received the written consent or affirmative vote of the Requisite Holders (as defined in the Amended and Restated Certificate of Incorporation of Brio Systems, Inc., dated March 26, 2021);

**NOW, THEREFORE, BE IT RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Board has determined in its business judgment that it is in the best interest of the Company, its creditors, shareholders, and other interested parties, and stakeholders that a voluntary petition be filed by the Company under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Petition**"); and it is

**FURTHER RESOLVED**, that Boris Lipchin, the Company's Chief Executive Officer, and any other officer or person designated and so authorized to act (each, an "**Authorized Person**") are, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company (a) to execute, verify and file on behalf of the Company all documents necessary or appropriate in connection with the filing of said Bankruptcy Petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings, and other papers or documents in connection with the Bankruptcy Petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Company's Chapter 7 case (the "**Bankruptcy Case**"); (c) appear as necessary at all bankruptcy proceedings on behalf of the Company; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the Authorized Persons are, and each of them hereby is, authorized and directed to employ the law firm of Chipman Brown Cicero & Cole, LLP as counsel to assist the Company in filing for relief under Chapter 7 of the Bankruptcy Code and in carrying out the Company's duties under Chapter 7 of the Bankruptcy Code, and the officers of

the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, and immediately upon the filing of the bankruptcy case; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any Authorized Person in connection with the Bankruptcy Case, or any further action to seek relief on behalf of the Company under Chapter 7 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the acts, actions and transactions heretofore taken by the officers of the Company or the Directors of the Company in the name of and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions, which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts were taken before those resolutions were adopted, be, and hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, each of the undersigned directors, collectively constituting all of the members of the Board, has executed this Consent on the date set forth below his name.

# [SIGNATURE PAGE FOLLOWS]

Boris Lipchin

Dated: 5/23/2023

Seymon Dukach

Dated: 5/23/2023

Alan Rubin

Dated: 5/23/2023

[Unanimous Consent Regarding Chapter 7 Filing for Brio Systems, Inc.]

**WRITTEN CONSENT OF THE REQUISITE HOLDERS**
**OF**
**BRIO SYSTEMS, INC.**

The undersigned, constituting at least 66.67% of the outstanding shares of Preferred Stock (the "**Requisite Holders**") of Brio Systems, Inc. a Delaware corporation (the "**Corporation**"), acting by written consent without a meeting, hereby adopt the following.

**WHEREAS**, pursuant to section 3.3.6 of the Amended and Restated Certificate of Incorporation of Brio Systems, Inc., dated March 26, 2021, the Corporation shall not without the written consent or affirmative vote of 66.67% of the outstanding shares of Preferred Stock, "declare bankruptcy";

**WHEREAS**, the directors of the Corporation (the "**Directors**") met on May 23, 2023 and unanimously approved the Company's commencement of bankruptcy proceedings under chapter 7, title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware;

**WHEREAS**, the undersigned Requisite Holders having reviewed and considered all of the relevant information and deems it advisable and in the best interests of the Corporation that the Corporation file for chapter 7 of the Bankruptcy Code.

**NOW THEREFORE LET IT BE:**

**RESOLVED**, that the undersigned Requisite Holders hereby approve and provide their consent for the Corporation to file for chapter 7 of the Bankruptcy Code.

**RESOLVED**, that this written consent shall have the same force and effect as if the resolutions set forth herein were adopted at a formal shareholders' meeting for all purposes.

This consent will be effective on execution.

One Way Ventures Fund I, L.P.
By: One Way Ventures GP I, L.L.C., its general partner

By: _____ *Semyon Dukach* _____
        ABC2513A863B493...
Name: Semyon Dukach
Title: Managing Member

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 7 |
| Brio Systems, Inc., | Case No. XX-XXXXX (XXX) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the authorized officer of Brio Systems, Inc. ("**Brio**") certifies that the following corporate entities directly own 10% or more of Brio's equity interest:

| EQUITY HOLDER | PERCENTAGE OF TOTAL EQUITY |
|---|---|
| One Way Ventures | 23.95% |

**Fill in this information to identify the case:**

Debtor name      **Brio Systems, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☑    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☑    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☑    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☑    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑    Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/23/2023        X    */s/ Boris Lipchin*
                                        Signature of individual signing on behalf of debtor

                                        **Boris Lipchin**
                                        Printed name

                                        **Chief Executive Officer**
                                        Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 7 |
| Brio Systems, Inc., | Case No. XX-XXXXX (XXX) |
| Debtor. | |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.      Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that Chipman Brown Cicero & Cole, LLP ("**CBCC**" or the "**Firm**") are attorneys for the above-named debtor (the "**Debtor**") and that compensation paid to the Firm within one year before the filing of the petition of bankruptcy, or agreed to be paid to the Firm, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with this bankruptcy case is as follows:

| | |
|---|---|
| For legal services, CBCC agreed to accept: | $15,000.00[1] |
| Prior to the filing of this statement, CBCC received: | $15,000.00 |
| Balance Due | $0.00 |

2.      The source of the compensation paid to the Firm was:

■ Debtor Brio Systems, Inc.               ☐ Other (Specify):

3.      The source of compensation to be paid to the Firm was:

■ Debtor Brio Systems, Inc.               ☐ Other (Specify):

4.

■ The Firm has not agreed to share the above-disclosed compensation with any other person unless they are members and associates of the Firm.

☐ The Firm has agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

---

[1]     Prior to the Petition Date and pursuant to a written engagement agreement, on May 18, 2023, the Firm received an $15,000.00 retainer for restructuring advice and bankruptcy planning for Brio Systems, Inc. (the "**Retainer**"). The Retainer was fully drawn and fully earned by the Firm.  All funds received from the Debtor were transferred from the Firm's attorney trust account to its operating account prior to the filing of this case.

5.      In return for the above-disclosed fee, the Firm agreed to render legal service for all aspects of the bankruptcy cases until the conclusion of the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code, including:

a.      advise in connection with the preparation of the petition, schedules of assets and liabilities, statement of financial affairs, schedule of income and expenditures, lists of creditors and equity security holders, statement of executory contracts and unexpired leases, and master mailing list;

b.      representation of the Debtor at the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code; and

c.      representation of the Debtor as may otherwise be required to advise the Debtor regarding its rights and responsibilities as a debtor under chapter 7 of the Bankruptcy Code and the Bankruptcy Rules.

## **CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to the Firm for representation of the Debtor in this bankruptcy proceeding.

Dated:  May 23, 2023
        Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

_/s/ Mark D. Olivere_

William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
1313 North Market Street
Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:     (302) 295-0199
Email:          chipman@chipmanbrown.com
                 olivere@chipmanbrown.com

_Counsel for the Debtor_

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re:* | Chapter 7 |
| Brio Systems, Inc., | Case No. XX-XXXXX (XXX) |
| Debtor. | |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.      Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that Geoffrey T. Raicht, PC ("**Raicht**" or the "**Firm**") are attorneys for the above-named debtor (the "**Debtor**") and that compensation paid to the Firm within one year before the filing of the petition of bankruptcy, or agreed to be paid to the Firm, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with this bankruptcy case is as follows:

| | |
|---|---|
| For legal services, Raicht agreed to accept: | $30,000.00[1] |
| Prior to the filing of this statement, Raicht received: | $30,000.00 |
| Balance Due | $0.00 |

2.      The source of the compensation paid to the Firm was:

   ■ Debtor Brio Systems, Inc.        ☐ Other (Specify):

3.      The source of compensation to be paid to the Firm was:

   ■ Debtor Brio Systems, Inc.        ☐ Other (Specify):

4.

   ■ The Firm has not agreed to share the above-disclosed compensation with any other person unless they are members and associates of the Firm.

   ☐ The Firm has agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

---

[1]    Prior to the Petition Date and pursuant to a written engagement agreement, on March 23, 2023, the Firm received a $20,000 retainer, and on April 21, 2023, the Firm received a supplemental retainer in the amount of $10,000, for a total of $30,000 for restructuring advice and bankruptcy planning for Brio Systems, Inc. (the "**Retainer**"). The Retainer was fully drawn and fully earned by the Firm.  All funds received from the Debtor were transferred from the Firm's attorney trust account to its operating account prior to the filing of this case.

5.      In return for the above-disclosed fee, the Firm agreed to render legal service for all aspects of the bankruptcy cases until the conclusion of the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code, including:

    a.      advise in connection with the preparation of the petition, schedules of assets and liabilities, statement of financial affairs, schedule of income and expenditures, lists of creditors and equity security holders, statement of executory contracts and unexpired leases, and master mailing list;

    b.      representation of the Debtor at the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code; and

    c.      representation of the Debtor as may otherwise be required to advise the Debtor regarding its rights and responsibilities as a debtor under chapter 7 of the Bankruptcy Code and the Bankruptcy Rules.

## <u>CERTIFICATION</u>

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to the Firm for representation of the Debtor in this bankruptcy proceeding.

Dated:  May 23, 2023                    **Geoffrey T. Raicht, PC**

_____/s/ Geoffrey T. Raicht_____

Geoffrey T. Raicht, PC
41 Purdy Avenue
PO Box 1074
Rye, NY 10580
Phone: (917) 344-0036
Email:        graicht@raichtlaw.com

*Counsel for the Debtor*

# United States Bankruptcy Court
## District of Delaware

In re  __Brio Systems, Inc._____    Case No. _____

_____Debtor(s)    Chapter    __7_____

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is

true and correct to the best of my knowledge.

Date:    ____05/23/2023_____    _/s/ Boris Lipchin_____

**Boris Lipchin**/**Chief Executive Officer**
Signer/Title

Amazon Web Services, Inc
410 Terry Ave N
Seattle, WA 98109

Assurely Insurance Policy
51 John F. Kennedy Parkway
First Floor
West Short Hills, NJ 70778

Arizona Department of Revenue
1600 W. Monroe St.
Phoenix, AZ 85007

Axiom Medical
1300 Lake Robbins Dr. Suite 250
The Woodlands, TX 77380

Bennett Thrasher LLP
3300 Riverwood Pkwy #700
Atlanta, GA 30339

CSC Global
251 Little Falls Drive
Wilmington, DE USA 19808

California
3321 Power Inn Rd., Ste. 130
Sacramento, CA 95826

Carroll & Vounessea LLP
3 Essex Green Drive Suite 5
Peabody, MA 01960

Colorado Department of Revenue
P.O. Box 17087
Denver, CO 80217-0087

Connecticut Department of Revenue Services
450 Columbus Blvd.
Suite 1
Hartford CT 06103

DoctorNow
181 N. Robertson Blvd
Beverly Hills, CA 90211

DoorDash
303 2nd Street South Tower 800
San Francisco, CA 94107

EFT Media Productions LLC
3310 W. Vanowen Street
Burbank, CA 91505

FedEx
942 South Shady Grove Road
Memphis, TN 38120

Florida Department of Revenue
5050 W Tennessee St
Tallahassee FL 32399-0120

Formagrid, Inc dba Airtable
799 Market St.
San Francisco, CA 94102

G-Lock Software
34 N. Franklin Ave.
Pinedale, WY 82941

Georgia Dept. of Revenue
PO Box 105408
Atlanta, GA 30348-5408

Github
88 Collin P Kelly Jr. St.
San Francisco, CA 94107

Greenhouse Software, Inc.
18 W. 18th St., 11th Floor
New York, NY 10011

Health Quest Esoterics
6 Bendix
Irvine, CA 92618

HireArt, Inc.
135 W. 29th St. #500
New York, NY 10001

HRC Total Solutions
111 Charles St.
Manchester, NH 03101

Hubspot
25 First St. 2nd Floor
Cambridge, MA 02141

Idaho State Tax Commission
PO Box 36
Boise, ID 83722-0410

Illinois Department of Revenue
PO BOX 19013
SPRINGFIELD IL 62794-9013

Konsus Inc.
470 Ramona St.
Palo Alto, CA 94301

Massachusetts Department of Revenue
PO Box 419257
Boston, MA 02241-9257

Missouri Department of Revenue
P.O. Box 840
Jefferson City, MO 65105-0840

Newland Group Insurance LLC
412 Broadway #2
Somerville, MA 02145

NJ Division of Taxation
PO Box 999
Trenton, NJ 08646-0999

Nexus Medical Labs
313 Pleaseant St.
Watertown, MA 02472

Nillam Logistics Corp
2117 Corporate Drive
Boynton Beach, FL 33426

Nillam Logistics Fulfillment Corp
2117 Corporate Drive
Boynton Beach, FL 33426

North Carolina Department of Revenue
PO Box 25000
Raleigh, NC 27640-0640

Norton and Associates Inc.
97 Elm St.
Cohasset, MA 02025

Ohio Department of Taxation
Attn: Compliance Business Tax Division
PO Box 2678
Columbus, OH 43216-2678

Okta, Inc.
301 Brannan St. 1st Floor
San Francisco, CA 94107

Oxy-Gen Laboratory, LLC
303 Research Dr. NW #300
Norcross, GA 30092

PA Department of Revenue
PO Box 280437
Harrisburg, PA 17128-0437

Principal
711 High St.
Des Moines, IA 50392

00049738.1

Ramp Business Corp
71 5th Ave. 6th Floor
New York, NY 10003

Reopen Diagnostic, LLC
45-18 Ct. Square W 2nd Floor
Long Island City, NY 11101

Roku
1155 Coleman Ave.
San Jose, CA 95110

Securicy Data Solutions Ltd
309 Charlotte St. Suite 219
Sydney, NS, Canada B1P1C6

Sterling Independent Services
5500 Interstate N. Pkwy
Sandy Springs, GA 03328

Strategic Lab Partners
30 Burton Hills Blvd #170
Nashville, TN 37215

Texas Comptroller of Public Accounts
P.O. Box 13528, Capitol Station
Austin, Texas 78711-3528

The DMF Group LLC
16 North Square Suite 1
Boston, MA 02113

Traekos Workforce Medicine
3493 Adele Ln
Bettendorf, IA 52722

Twilio Inc.
375 Beale St. #300
San Francisco, CA 94105

Vashon Consulting LLC
4719 E. Firestone Dr.
Chandler, AZ 85249

Wilson Sonsini Goodrich & Rosati
201 Washington St. Suite 2000
Boston, MA 02108

Wisconsin Department of Revenue
PO Box 8921
Madison, WI 53708-8921